IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ROBERT TINKLER,<br><br>　　　　　　　Plaintiff,<br><br>vs.<br><br>LEVEL 3 COMMUNICATIONS, LLC,<br>and the WILTEL COMMUNICATIONS<br>GROUP, INC. SEVERANCE<br>PROTECTION PLAN,<br><br>　　　　　　　Defendant. | Case No. 07-CV-259-CVE-FHM |

## ORDER

Plaintiff's Opposed Motion for Leave to Conduct Limited Conflict of Interest Discovery on his ERISA Claim [Dkt. 19] is before the Court for decision. The motion has been fully briefed and a hearing was held on August 2, 2007. Plaintiff's motion is DENIED as provided herein.

Plaintiff seeks leave to serve 19 requests for production of documents on Defendant to obtain information relating to the existence of a possible conflict of interest when Defendant decided Plaintiff's ERISA claim. Plaintiff contends the information is necessary to establish the existence and seriousness of the conflict so that the Court can determine the appropriate level of deference to accord the administrator's decision under the arbitrary and capricious standard of review. Defendant opposes the discovery sought by Plaintiff and contends that by reviewing the administrative record and the additional information attached to its brief, the Court can determine that there is no conflict of interest which would require the Court to alter the traditional arbitrary and capricious standard of review.

The parties agree that the ERISA Plan in this case grants discretion to an Administrative Committee to decide Plaintiff's claim. When an administrator has such discretion, the Court's review of the decision is limited to the administrative record that was before the administrator. *Chambers v. Family Health Plan Corp.*, 100 F.3d 818, 823 (10th Cir. 1996). Therefore, no discovery beyond production of the administrative record is permitted regarding the merits of Plaintiff's claim.

The administrative record is reviewed by the Court under an arbitrary and capricious standard. If, however, the administrator operated under a conflict of interest when the benefit decision was made, the degree of deference given to the administrator's decision is reduced along a "sliding scale" in relation to the seriousness of the conflict. *Fought v. Unum*, 379 F.3d 997 (10th Cir. 2004). At one end of the "sliding scale" the conflict is merely one factor for the Court to consider. At the other end of the "sliding scale," the burden shifts to the administrator to prove the reasonableness of its decision. In deciding where on the "sliding scale" a particular case falls, the Court should consider various factors including whether:

> (1) the plan is self-funded; (2) the company funding the plan appointed and compensated the plan administrator; (3) the plan administrator's performance reviews or level of compensation were linked to the denial of benefits; and (4) the provision of benefits had a significant economic impact on the company administering the plan.

*Id.* at 1005. Since information about these factors will not always be contained in the administrative record, the question arises whether Plaintiff should be allowed to conduct discovery concerning the potential conflict.

2

Defendant does not dispute that in some cases the Court may need information outside of the administrative record to address the conflict of interest issue. However, Defendant contends that in this case the necessary information is contained within the administrative record and the exhibits attached to Defendant's response brief. In particular, Defendant focuses on the affidavit of Lisa Hogan which addressed the factors listed above. Not surprisingly, Plaintiff contends he should not be limited to Defendant's affidavit.

In resolving this motion, the Court recognizes that an important goal of ERISA was to provide an inexpensive and expeditious method to resolve disputes over benefits. The broad discovery permitted under the Federal Rules of Civil Procedure could seriously interfere with that goal. However, some information outside of the administrative record may be necessary to determine the appropriate standard of review. In deciding how much outside information is necessary, the Court is mindful that the conflict of interest issue and its effect on the standard of review is not the central issue in the case. The merits of Plaintiff's claims under the Plan is the central issue to be decided and whether or not discovery on the conflict issue is permitted, Plaintiff will have a full opportunity to present his position on the merits of his claim because Plaintiff will have full access to the administrative record. Thus the Court should be careful not to allow the conflict of interest issue to unduly interfere with the inexpensive and expeditious resolution of the merits of the claim.

In *Bennett v Unum Life Ins. Co.*, 321 F.Supp.2d 925 (E.D. Tenn. 2004), the Court issued a thoughtful opinion addressing the proper balance between the need for inexpensive and expeditious resolution of ERISA claims and the need to obtain information about the conflict of interest issue. The Court noted that where the payer of benefits also

administers the plan, the Court can take note of that fact and give it due consideration in its review of the merits without the necessity of further discovery. *Id.* at 932. However, where the plaintiff comes forward with a reasonable basis to believe that the conflict was something more than the fact that Defendant is the administrator and is also responsible for payment of the claim, discovery strictly circumscribed to obtain potential evidence concerning the conflict is appropriate. *Id.* at 933. The approach taken by the *Bennett* Court is persuasive.

In the instant case, the Plan recites that it was established by the Defendant and that the Administrative Committee is appointed by Defendant. [Dkt. 21-2]. Any benefits that are due under the Plan are paid from Defendant's general funds. The affidavit of Lisa Hogan submitted by Defendant further recites that the Administrative Committee was composed of Defendant's employees, that no compensation or performance metric was tied to the performance of their duties on the Administrative Committee, and that Plan benefits were approximately one percent of Defendant's operating expenses. [Dkt. 21-3]. Plaintiff has not offered any specific information to suggest that a reasonable basis exists to believe there is anything more than this to the conflict of interest issue. The information of record is not disputed and is sufficient to enable the Court to determine the conflict of interest issue.

Plaintiff's Opposed Motion for Leave to Conduct Limited Conflict of Interest Discovery on his ERISA Claim [Dkt. 19] is therefore DENIED with the following caveat.

In Plaintiff's proposed discovery, and also at the hearing, Plaintiff sought to obtain two types of documents which did not appear to be directly related to the conflict of interest issue but which appeared to be reasonable requests. Plaintiff sought a complete copy of

all documents submitted, considered, or generated in the course of making the benefit decision without regard to whether they were relied upon in making the decision. Plaintiff also sought any Plan policies or procedures related to his type of claim and any interpretations of Plan terms relating to his claim. These requests seem reasonable. At the hearing the Defendant did not express any objection to producing such documents if they exist.

Defendant is therefore ORDERED to determine if such documents exist. If they do exist and Defendant objects to producing them, Defendant shall initiate a conference call with Plaintiff's attorney and the Court so that any objection can be resolved. Otherwise, Defendant shall promptly produce responsive documents or advise Plaintiff that no responsive documents exist. In all other respects, Plaintiff's Opposed Motion for Leave to Conduct Limited Conflict of Interest Discovery on his ERISA Claim [Dkt. 19] is DENIED.

SO ORDERED this 24th day of August, 2007.

*Frank H. McCarthy*
FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE